# EXHIBIT A

KING COUNTY DISTRICT COURT OF WASHINGTON, EAST DIVISION, ISSAQUAH

LASHAWN CANTER,

    Plaintiff,

vs.

CITY OF KIRKLAND,

    Defendant.

NO. 173-05416

COMPLAINT FOR REMOVAL OF FORFEITURE ACTION, REPLEVIN AND DAMAGES

Comes now the Plaintiff Lashawn Canter and respectfully represents:

### Parties

1. Plaintiff Lashawn Canter is a resident of King County, Washington.

2. Defendant City of Kirkland is a Washington municipal corporation.

### Jurisdiction and Venue

3. The District Court has jurisdiction pursuant to Chapter 10.105 RCW. Defendants gave notice of forfeiture on April 28, 2017. Plaintiff requested hearing from Defendant on May 3, 2017 and is removing to District Court within 45 days of the hearing request.

4. The District Court has proper venue pursuant to RCW 3.66.020(2) and RCW 3.66.040(2),(3),(4) because the personal property at issue was seized by Defendant on April 28, 2017 in the City of Kirkland, in King County, Washington, in this judicial district and electoral division. Under local court rules, civil cases in the East electoral division are filed at the Issaquah courthouse.

COMPLAINT FOR REMOVAL OF FORFEITURE
ACTION, REPLEVIN, AND DAMAGES -- 1

Lake Hills Legal Services, P.C.
15600 N.E. 8th Street, # B1-358
Bellevue, Washington 98008
Telephone: (425) 829-5305
E-mail: rp98007@gmail.com

## Relevant Facts and Issues

5.   Plaintiff is claiming the right to ownership and return of a ll2008 BMW 335 4D, WA BCM5205, VIN # WBAVB73518KY63919 seized from hers on or about April 28, 2017.

6.   This is in response to the "Notice of Seizure and Intended Forfeiture Under RCW 10.105.010" issued on April 28, 2017 by Defendant and hand delivered that date to Plaintiff. Exhibit 1 is the seizure notice received by Plaintiff.

7.   Plaintiff demanded a hearing in accordance with Chapter 10.105 RCW and other applicable statutes to determine whether the seized property should be forfeited or returned. Exhibit 2 is the demand for hearing that was mailed, faxed and e-mailed on May 3, 2017.

8.   Plaintiff has not been convicted of any felony in relation to the seized vehicle and the seizure and forfeiture is not legally proper pursuant to RCW 10.105.010(1).

9.   Plaintiff does not believe the other criteria required for seizure and forfeiture under Chapter 10.105 RCW have been met, and all these issues should be decided by the court.

10..   Plaintiff gave notice to the City of Kirkland on May 3, 2017 that the seizure was improper for many reasons, including that she had not been convicted of any felony in relation to the seized vehicle, and demanded return of her vehicle, which was provided by Exhibit 2.

11.   Plaintiff is also entitled to the remedy of replevin against the Defendant under Chapter 7.64 RCW, to order the seized vehicle returned to Plaintiff and for attorney fees.

12.   Defendant has acted under the color of state law and in violation of 42 USC 1983 by seizing and retaining the vehicle without probable cause that Plaintiff had been convicted of a related felony and without Plaintiff in fact having been convicted of a related felony. This violated Plaintiff's federal constitutional rights to be protected against unreasonable search and seizure under the Fourth Amendment and to not be deprived of property without due process of law under the Fourteenth Amendment.

13.   Defendant has acted according to municipal policy and also through final decision or policy makers, for municipal liability for damages under 42 USC 1983.

COMPLAINT FOR REMOVAL OF FORFEITURE
ACTION, REPLEVIN, AND DAMAGES -- 2

Lake Hills Legal Services, P.C.
15600 N.E. 8th Street, # B1-358
Bellevue, Washington 98008
Telephone: (425) 829-5305
E-mail: rp98007@gmail.com

14. Plaintiff is entitled to compensatory damages against Defendant under 42 USC 1983. Plaintiff is entitled to attorney fees under 42 USC 1988.

15. Even if the event Defendant is protected against payment of damages under qualified immunity, municipal immunity, or other principles, Plaintiff is still entitled to injunctive and other equitable relief against Defendant under 42 USC 1983 for the return of her seized vehicle and for attorney fees under 42 USC 1988.

16. Plaintiff has state law tort claims against Defendant, which cannot be brought in this action due to tort claims filing requirements under Chapter 4.96 RCW. Plaintiff will be filing a tort claim with the City of Kirkland pursuant to Chapter 4.96 RCW and bringing a separate lawsuit for state tort claims damages.

17. Plaintiff reserves all rights to raise other grounds in defense against seizure or forfeiture of Plaintiff's property, in addition to the grounds set forth in this complaint.

### Relief Requested

Plaintiff prays for judgment against the Defendant as follows: (1) removal of the forfeiture proceedings to this District Court, (2) denial of forfeiture and ordering all seized property returned to Plaintiff, (3) compensatory damages to be determined by trial or further proceedings, (4) reasonable attorney fees and costs of litigation, (5) taxable court costs, and (6) all other general and equitable relief.

Respectfully submitted this 16th day of June 2017.

/s/ *Richard L. Pope, Jr.*
RICHARD L. POPE, JR.
WSBA # 21118
Attorney for Plaintiff

Lake Hills Legal Services, P.C.
15600 N.E. 8th Street, Suite B1-358
Bellevue, Washington 98008
Tel: (425) 829-5305
Fax: (425) 526-5714
E-Mail: rp98007@gmail.com

COMPLAINT FOR REMOVAL OF FORFEITURE
ACTION, REPLEVIN, AND DAMAGES -- 3
Lake Hills Legal Services, P.C.
15600 N.E. 8th Street, # B1-358
Bellevue, Washington 98008
Telephone: (425) 829-5305
E-mail: rp98007@gmail.com

# EXHIBIT 1




# NOTICE OF SEIZURE AND INTENDED FORFEITURE
## INVOLVED IN FELONY CRIME

TO: CANTER, LASHAWN R  7-28-1970

Case Number: 2017-12087

You are hereby notified that the property identified below is being or has been seized by the Kirkland Police Department under the authority of RCW 10.105.010(1) property in accord with procedures set forth in RCW 10.105.010(3), (4) and (5) or, in the case of firearms, in accord with Chapter 9.41 RCW.

You have a right to a civil hearing to determine whether probable cause existed for the seizure and to assert any defense you may have. The hearing may be held before the chief law enforcement officer of the City of Kirkland or his designee; or, if the property other than firearms is valued in excess of $500.00, you may remove the hearing to a court of competent jurisdiction. Firearms hearing may be held before a district or superior court.

In order to claim the seized property or firearm and to obtain a hearing, you must notify the City of Kirkland Police Department in writing (certified mail preferable) of your claim of ownership or right to possession of the property or firearm within forty-five (45) days of the date of seizure.

Failure to notify the City of Kirkland Police Department within forty-five (45) days of seizure will result in the forfeiture of the property including firearms, to the City of Kirkland.

Description of articles for which forfeiture is sought:

2008 BMW 335 4D
Vehicles/Aircrafts/Vessel

WA/ BCM5205    VIN/ WBAVB73551FY63919
License Number and VIN

Officer signing for: DET. S. CARLSON #373
Chief of Police
City of Kirkland
123 5th Avenue
Kirkland, Washington 98033

Equipment, Firearms, Currency, Other

1.
2.
3.
4.
5.
6.
7.
8.
9.

Date of Seizure: 4-29-2017

Date of Mailing / Date of Service: 4-29-2017
(circle appropriate term)

*Prepare Affidavit of Mailing or Affidavit of Service

WHITE – Case file        YELLOW – Detective
KPD 2006-194

# EXHIBIT 2

RICHARD L. POPE, JR.
Lake Hills Legal Services, P.C.
15600 N.E. 8th Street, Suite B1-358
Bellevue, Washington 98008
Tel: (425) 829-5305
E-Mail: rp98007@gmail.com

May 3, 2017

**FAX 425-587-3019 and E-MAIL** ktriplett@kirklandwa.gov      **TOTAL PAGES : 4**
Kurt Triplett
Kirkland City Manager
123 5th Avenue
Kirkland Washington 98033

**FAX 425-587-3410 and E-MAIL** charris@kirklandwa.gov
Cherie Harris
Kirkland Police Chief
11750 N.E. 118th Street
Kirkland, Washington 98034

Re:   Kirkland Police Department Case No. 2017-12687
      Claimant/Owner Lashawn Canter
      Notice of Seizure and Intended Forfeiture Under RCW 10.105.010
      2008 BMW 335 4D, WA BCM5205, VIN # WBAVB73518KY63919

Dear Manager Triplett and Chief Harris:

      I represent Lashawn Canter. She claims ownership of a 2008 BMW automobile, which should have WA license BCM5205 and VIN # WBAVB73518KY63919. I apologize if there are any typos or transpositions in these numbers. This is a vehicle she recently purchased from another party and has been waiting for the required documents to register this in her own name.

      This vehicle was seized from Ms. Canter by Kirkland Police Department officers on or about April 16, 2017. On April 28, 2017, Ms. Canter was served with a "Notice of Seizure and Intended Forfeiture Involved in Felony Crime", signed by Detective Sean A. Carlson, # 373, of the Kirkland Police Department (copy attached), proposing forfeiture under RCW 10.105.010.

      We are demanding that the City of Kirkland and its police department immediately return this vehicle to Ms. Canter. There is absolutely no legal basis under RCW 10.105.010 to seize the vehicle from Ms. Canter, much less forfeit it. In fact, the seizure of the vehicle by Detective Carlson was illegally, civilly tortious, and violated Ms. Canter's constitutional rights. Every day or minute of continued detention of the vehicle is tortious and violates Ms. Canter's rights.

      RCW 10.105.010 is very narrowly worded and extremely clear. The law allows seizure and forfeiture of personal property used in conjunction with a felony (or acquired with proceeds from a felony) only AFTER the property owner has been charged and CONVICTED of the felony in the superior court. RCW 10.105.010(1) makes this requirement perfectly clear:

(1) *The following are subject to seizure and forfeiture and no property right exists in them: All personal property, including, but not limited to, any item, object, tool, substance, device, weapon, machine, vehicle of any kind, money, security, or negotiable instrument, which has been or was actually employed as an instrumentality in the commission of, or in aiding or abetting in the commission of any felony, or which was furnished or was intended to be furnished by any person in the commission of, as a result of, or as compensation for the commission of, any felony, or which was acquired in whole or in part with proceeds traceable to the commission of a felony. <u>No property may be forfeited under this section until after there has been a superior court conviction of the owner of the property for the felony in connection with which the property was employed, furnished, or acquired.</u>*

Ms. Canter most certainly has not been convicted of a felony in connection with the April 16, 2017 incident involving the seizure of the 2008 BMW. She hasn't even been charged with a felony or anything else. She was briefly arrested and detained for questioning and then released.

There is very little case law under RCW 10.105.010 – probably because very few law enforcement agencies and prosecutors violate its extremely clear requirements. There should obviously be no property seizures before a felony conviction. And if someone is convicted of a felony, most of these cases are resolved by plea agreements, and the defendant will usually negotiate with the prosecution as to what property, if any, will be forfeited as a result of the conviction. In the rare case where a seizure is contested after a felony conviction, the facts underlying the conviction itself have already been adjudicated, and the only issue would be whether the property was employed, furnished, or acquired relative to the conviction offense.

There is only one published Court of Appeals decision interpreting RCW 10.105.010, which holds there is no authority to even seize property during a pending felony case prior to the conviction. State of Washington v. Rafael Gutierrez Meza, 191 Wn. App. 849, 364 P.3d 1081 (2010). In Meza, the defendant had been charged with First Degree Theft in Lewis County Superior Court after allegedly defrauding the victim of $75,000.00 by "selling" a factory that had already been sold to a prior buyer for $105,000.00. After filing criminal charges, the prosecuting attorney obtained an order from the superior court seizing the bank account in which some of the allegedly stolen money had been deposited. The defendant unsuccessfully moved the superior court to quash the seizure order. The Court of Appeals accepted discretionary review and reversed the superior court seizure order. The Court of Appeals held that there was no legal authority to seize property prior to a felony conviction. Meza, 191 Wn. App. At 856-57. The Court of Appeals discussed RCW 10.105.010, and noted that RCW 10.105.010(1) only allowed for forfeiture of property after a felony conviction in superior court. *Id.* at fn. 7.[1]

So this is an extremely clear violation of the law by the City of Kirkland. Ms. Canter has not been convicted of any felony in connection with the April 16, 2017 alleged incident. RCW 10.105.010 therefore cannot possibly apply. Under state tort law, we have trespass to chattels by unlawfully denying the vehicle to Ms. Canter and attempted conversion by wrongfully using the forfeiture statute. We also have a violation of Ms. Canter's right to be free from unreasonable search and seizure under the Fourth Amendment to the United States Constitution. There is obviously no probable cause that Ms. Canter has been convicted of a felony in connection with the April 16, 2017. Therefore, the seizure is unlawful, unreasonable, and violates the Fourth Amendment. This matter is therefore actionable under 42 U.S.C. § 1983.

---

[1] Although not relevant to the precedential value of the decision, the defendant in Meza was finally tried by a jury on December 7, 2016 and acquitted. This came almost one year after the Court of Appeals ordered Mr. Meza's money returned to him on December 15, 2015. The Lewis County Prosecuting Attorney unsuccessfully sought review of the Court of Appeals decision by the Supreme Court, which was denied

This letter certainly serves a notice to the City of Kirkland and its police department under RCW 10.105.010(5) that Ms. Canter claims ownership or right to possession of the seized 2008 BMW vehicle and triggers the hearing rights process provided for under that statute.

In the event that the City of Kirkland and its police department does not unconditionally return the seized 2008 BMW vehicle to Ms. Canter by close of business on Friday, May 5, 2017, we will remove this forfeiture proceeding to the King County District Court, and join it with appropriate claims under the state replevin statute, Chapter 7.64 RCW, and 42 U.S.C. § 1983. We will also be filing the necessary administrative claim to pursue state torts after 60 days.

Even if the vehicle is returned to Ms. Canter promptly, there will still be damage claims for its unlawful seizure (including the attorney fees incurred in addressing this issue). However, the potential damages will be far less with a prompt return to the vehicle. If you can return the vehicle to Ms. Canter by Friday, May 5, 2017, I would look forward to negotiations with the City of Kirkland or its insurer for an amicable resolution of the damages claims without litigation.

Thank you for your careful attention in this matter.

Very truly yours,

*Richard L. Pope, Jr.*

Richard L. Pope, Jr.

Attachments:

1. Kirkland Police Department Seizure Notice, April 28, 2017



# NOTICE OF SEIZURE AND INTENDED FORFEITURE
## INVOLVED IN FELONY CRIME



TO: CANNON, LASHAWN R 7-28-1970

Case Number: 2017-12687

You are hereby notified that the property identified below is being or has been seized by the Kirkland Police Department under the authority of RCW 10.105.010(1) properly in accord with procedures set forth in RCW 10.105.010(3), (4) and (5) or, in the case of firearms, in accord with Chapter 9.41 RCW.

You have a right to a civil hearing to determine whether probable cause existed for the seizure and to assert any defense you may have. The hearing may be held before the chief law enforcement officer of the City of Kirkland or his designee, or if the property other than firearms is valued in excess of $500.00, you may remove the hearing to a court of competent jurisdiction. Firearms hearing may be held before a district or superior court.

In order to claim the seized property or firearm and to obtain a hearing, you must notify the City of Kirkland Police Department in writing (certified mail preferable) of your claim of ownership or right to possession of the property or firearm within forty-five (45) days of the date of seizure.

Failure to notify the City of Kirkland Police Department within forty-five (45) days of seizure will result in the forfeiture of the property, including firearms, to the City of Kirkland.

Description of articles for which forfeiture is sought:

2008 BMW 335 4D
Vehicles/Aircraft/Vessel

WA/ BCM5205    VIN/WBAVB75518NY63919
License Number and VIN

#573
Officer signing for DET. S. CARLSON
Chief of Police
City of Kirkland
123 5th Avenue
Kirkland, Washington 98033

Equipment, Firearms, Currency, Other

1. _____
2. _____
3. _____
4. _____
5. _____
6. _____
7. _____
8. _____
9. _____

4-28-2017
Date of Seizure

4-28-2017
Date of Mailing / Date of Service
(circle appropriate term)

*Prepare Affidavit of Mailing or Affidavit of Service

WHITE - Case file         YELLOW - Detective